Your Honor, the final case of the call, 2-09-808, Heider v. Knautz, on behalf of the appellant, Ms. Nicole L. Joes, on behalf of the appellate, Mr. Thomas M. Devine. Counsel, good afternoon. It's about 5 to 1. We're prepared to start early if both of you are okay with starting early, if you're not expecting anyone. Are you okay with that? We're fine. All right. Thank you. Ms. Joes? May it please the Court, good afternoon. We're here today on an interlocutory appeal regarding whether an oral agreement to attending a binding arbitration can be revoked prior to the entry of a final award by the arbitrator. As a bit of history, this case arises out of an automobile accident, which occurred on 5-18-2006. Counsel, I'm going to ask and suggest that we've read all of the briefs, and we are pretty familiar with the history. So if you'd like to go, since you have a limited period of time, to the points you'd like to make, I think that would be a good use of your time. Thank you, Your Honor. Basically, it's the defendant appellate's position that they are allowed to revoke the agreement to enter into an alternative dispute resolution of a binding arbitration, since it was an oral agreement in this case. We understand that Illinois has the Uniform Arbitration Act, and that under that act, the agreement to attend a binding arbitration is irrevocable. But that's a different case than what we have here today. We have an oral agreement between two parties to attend an alternative dispute resolution based on an understanding of what the situation was as far as the facts of the occurrence and the injuries and the lack of subsequent injuries in the second accident. Now, did the Arbitration Act, the Illinois Uniform Arbitration Act, change the common law rule as it applied to oral agreements that they are revocable? And if so, or if not, why? Your Honor, I read the act. I did not see any indication in the act that the act would apply to oral agreements. In fact, the act specifically says a written agreement. I looked at the case law. There's no case law which indicates that the Supreme Court case allowing revocation of an oral agreement would be changed by the enactment of the Illinois Uniform Arbitration Act. If I'm not mistaken, that would abrogate the common law rule regarding revocation of oral arbitration agreements or something. Correct. Can you answer a more threshold question here? I note that the plaintiffs are raising the issue of whether this Court lacks a jurisdiction. Right. What is your response to that argument? The plaintiffs rely on an order dated September 11, 2008, to make that argument. We argue that that was not an order compelling arbitration. That was an order entered by the Court simply putting in the Court file what the current status of the case was. September 11, 2008 was a case management conference, a progress call, a Court-mandated date to determine the status of the litigation. At that point, counsel for the plaintiff and counsel for the defendant went out and advised the Court that there was this oral agreement, and the Court stayed the mandate of pending arbitration. The Court did not order the parties to go to arbitration at that point. They did not require it. Simply stayed the proceedings. Immoralized the stay of the proceedings. Correct. That is your interpretation of the order. Correct. And then, Your Honors, we went out on a motion for protractive order on July 7, 2009, and again on a motion for judicial determination on July 29, 2009. Those two orders specifically compelled arbitration. The July 7, 2009 order required that arbitration be completed by a date certain. I believe it was August 30, 2009, and the order entered July 29, 2009, found that the Uniform Illinois Arbitration Act applied because the trial court found that the order entered on September 11, 2008, constituted a written agreement, which we took issue with, and that has been outlined in our briefs. And you filed your notice of appeal on August 3, so that would have been 30 days from the date. From the two orders in July of 2009. Correct, Your Honor. Moving on, regarding the written, the order entered September 11, 2008, as outlined in our briefs, we believe that this was not a written agreement between the two parties. A review of the record on appeal indicates that the party simply advised the court where we were at as far as the oral agreement. The court procedurally put a stay on the matter to allow it to stay on the call while the alternative dispute resolution continued. In the meantime, there was some certain discovery which made us take pause with the binding arbitration and seek initially just to stay the binding arbitration until we could complete discovery, but then ultimately just look at possibly revoking the agreement to arbitrate because we could not reach an agreement regarding delaying the arbitration until after the parties were satisfied with discovery. So, we don't think that there is a sound basis for finding that the order of September 11, 2008 caused a written agreement. And further, I'd like to address the plaintiff's issue that the order was written by defendants is somehow indicative of the defendants acquiescing or agreeing or making it a written agreement. This is simply a situation where the judge was on the bench, the judge heard the case, the judge gave his order and asked, as normal custom, counsel to prepare the order. The defense counsel at that time was the only counsel on the matter who was licensed to practice in Illinois and, therefore, he wrote the order. The plaintiff's counsel had not had his motion to practice per hoc vitae granted at that point. And I don't think that there can be any sort of significance placed in the fact that it was defense counsel that wrote the order versus plaintiff's counsel versus the judge. It was the court's order for the court to file. It wasn't an agreement between the parties. Well, counsel, if you read the transcript, you make it clear that there's an agreement. It's oral. Yes, Your Honor. And you read the order together with the transcript. The argument then is that the oral agreement would combine with the order that it stayed pending arbitration between the parties. It sounds like if you take the transcript together with what those words mean in the order, it sounds like they've reduced it to writing. I don't think so. I mean, it's a written order signed by the judge. That's what makes it different as opposed to a written agreement signed by the parties. Your Honor, the transcript of the record of proceedings indicates that the parties went in. Plaintiff's counsel indicated we've had discussions. Based on those discussions, we are going to go to the binding arbitration, indicating, as we've always said, this is an oral agreement to go to arbitration. We told the judge. The judge procedurally placed that information in an order for the court file to stay the matter. I don't think that that somehow reduces the agreement to attend arbitration as to a writing as contemplated by the drafters of the Uniform Arbitration Act. This is simply the court's record of that there is going to be an arbitration. It's somewhat similar to is if I called a friend and said I'm going to an oral or I have an oral agreement to go to binding arbitration with someone and my friend wrote it down. That wouldn't, it's reduced to writing, but it's not an agreement between myself and the plaintiff's counsel. What we have on the record is clearly an agreement to go to binding art, and we've never said that that agreement didn't exist. We did, but it was an oral agreement, and we believe that under the common law that oral agreement is replicable, and we seek to revoke the oral agreement to attend binding arbitration. And I think that I've covered all the issues that we have to present to the court. Okay. Thank you. You'll have another opportunity to answer some questions or make some additional points in a minute. Mr. Devine. Justices, I thank you for the privilege you've extended to me to come here and argue today on this matter. I view this as a procedural issue with respect to the administration of a court and how it handles matters that have been agreed upon. I don't believe that the court has made any suggestion that it could have ordered either of us to participate in the arbitration. And as a consequence, the stipulation that we entered into, placed on the record, and then an order evidencing that stipulation is what the court entered. That order is part of what the court would typically do in presentation of any stipulation. And what language in that September 11th order evidences anything other than proceedings are stayed? Because it says pending the binding arbitration. In other words, the concept in what you must do in order to evidence what's taking on or what's being adopted by the court is take a look at the transcript. There's an agreement that we're going to proceed through arbitration. The court enters an order which is procedurally fine. I'll stay what's going on. And you folks go into binding arbitration. That court had two opportunities to review the orders that were entered here and decided, no, you've agreed that you are going to go into arbitration. This order that we entered back in September is a procedural order that puts you into arbitration. It is sufficient evidence of the stipulation that you entered into. And it's a writing that codifies the process. As a judge examining that record, this court made the determination that you've agreed to arbitration. It's on the record. You've entered an order that tells me that or that includes an order of arbitration, and you can't revoke that. Counsel, let me ask you a practical question. Consider the implications of this. If we were to hold a September 11th order, constitute a written agreement subject to the act, parties could really never enter into oral agreements, could they? Because any time they state an order, according to your interpretation, it automatically constitutes a written agreement. So how could they ever obtain a state without turning it into a written agreement? How could you ever have an oral agreement? The matter doesn't have to be in litigation. I mean, it does not have to be a court process. Here, the matter is started because that's the only forum that's available to assert the claim. We could have gone into arbitration had we had an agreement, or we might have had an oral agreement that will arbitrate this, but we're in court. Every time I enter into a stipulation on the record and it's reduced to an order, I expect that that court's going to enforce that order. But is a court order the equivalent of a voluntary agreement between parties? That's the issue. Is a court order... The equivalent of a voluntary agreement between the parties. No, the court order is not a court order. Well, that's what she's saying. It's a court order memorializing something. It's not a written agreement voluntarily entered into between the parties. But I don't know that you have to make it a voluntary agreement that you've entered into it. Moreover, the writing aspect that's identified in the statute is one that's used to allow the efficacy of the agreement to come through. Generally, it's an agreement that you've entered into long before you ever got in court. It's part of the AIA contract that you had, or the building contract that you entered into, or the uninsured motorist contract. Well, that's sort of my point. Generally, it wouldn't unfold in this manner procedurally. You're absolutely correct. But getting back to my initial question, you alluded to an answer that doesn't really totally answer the question. If, in fact, you have the unusual set of circumstances where a party jumps into litigation, then if you have an order staying the proceedings, referring it to arbitration, then you lose the right to ever have an oral agreement, would you not? No, because under your interpretation, what the court says, we're going to stay this to go to binding arbitration, you can no longer have an oral agreement. In essence, that's what you're saying. No, I'm saying that if that was a right that you wanted to retain and it was a stipulation that you entered on the record with respect to how you were going to handle your case, you could have made it clear, this is a stipulation that has conditions that come with it. I will stipulate, and we do this all the time, I will stipulate to the entry of this information into the record, but only if this happens. And as a consequence, my stipulation comes with the condition. These parties could have entered into a stipulation that said, we will engage in binding arbitration, but only if, and then had conditions associated with it. It would then have been part of the order that was entered here. And the limit that is present would have occurred. But there weren't any limits. If the parties come before the court and merely obtain a stay, what indicates to the parties that now they can no longer, they're in a binding written agreement to arbitrate when all they asked for was a stay? Because it's a stipulation. Because the interaction that you're having here with respect to how you're dealing with the court carries with it the affirmance that if the court is going to perform this kind of an activity, you have to be forthright with the court over how you're going to proceed through it. You said it's a stipulation. A stipulation to what? It's a stipulation to stay proceedings. No. It's not a stipulation to get into binding arbitration. And I guess that's where we disagree. Absolutely. This was a stipulation to go into binding arbitration. And I was going to ask about that, too. What separates it from being just a representation to the judge of discussions between the parties? What's the difference between that, which is certainly much more informal, and the judge was being advised of the status of discussions regarding arbitration, versus a stipulation? What makes you call it a stipulation? Sure. The reduction of the process in the order that the court imposes here, which is then reinterpreted or revisited twice by the same court, determining, no, you've agreed to arbitration, and we're going to go forward with arbitration. There were no limits that were placed on the choice that you wanted to make. You had the opportunity at the time that you were creating it to do that if you wanted to, and you didn't. So now it's not revocable. Well, the court initially said in that first status hearing, would you like to have an order entered that formally states that the matter would be stayed pending arbitration, usually a date certain, et cetera. The court didn't say we're going to memorialize your stipulation. Certainly the language was a little bit different. But then you have to look at the context that continues on thereafter. This court is addressing this twice in July with respect to what its order referenced and what was being compelled here. That process can't be ignored in determining what the written order was and how it was going to be applied. There isn't anything in this process that denies the defendant a right because the defendant agreed to it. And in agreeing to it, on the record, establishes a procedure which the court then uses. Indeed, if you look at this and you take the position that says, well, a court can't enter an order that would compel people who don't have a preexisting contract into arbitration. Can't do that. Then the court would never be able to adjust its procedures to reflect entering an order that says, you folks have agreed to this. I'm going to find that you're going to go forward with it. I'm going to enter an order that says we're moving forward with binding arbitration. Six months later, one of the parties says, no, I really don't want to do arbitration anymore. And that's a sufficient reason to undo the court's determination about what its procedure is. That's essentially what's being laid before this court. It's the opportunity for a party to unilaterally withdraw from an agreement that's on the record and contained in an order that moves the case forward. Counsel, I sense that you may be moving to a different direction here. I mean, she's conceded that there's an oral agreement to arbitrate. I wasn't sure that this dispute is confined to whether or not the order itself constitutes enough of a writing to make it a written agreement. You seem like you're moving to a second point here, which is that even if the order itself does not constitute a written agreement, procedurally a person cannot represent to a court a status matter because we have agreed to arbitrate and then revoke that later, irrespective of whether or not it needs to ever be. I mean, once you've said to the trial court, we have an agreement to arbitrate, maybe it's just oral, and asked the court to take action, the action the court took was to stay the case and then revoke it later. The argument that the party cannot do that seems separate from the writing issue. It seems like a procedural issue that the court runs its court over. If it's a representation by the party that something's going to happen, that that's binding. It went without an argument. Is that a separate argument? Did you make that argument? No, that argument was provoked by the question that went to, well, what is the procedure that we're involved with here? And because the procedural question has to do with representations that you're making to the court, it goes back to the court issue here. What do you actually have to have in terms of a writing? Well, I guess what I'm getting at is what if there was no such thing as this arbitration act? Right. I mean, parties just came into court and said, Judge, we've agreed to arbitrate this case. We're going to have binding arbitration. We made that agreement. And there's no arbitration act at all involved. And it doesn't have anything to do with writing or writing. Can you make that representation to the court and then come back later and say, One of us has changed their mind. My position on that would be no. You can't do that. And why not? Because the order of the court is to proceed through a certain procedure. And the responsibility that the court has, the inherent authority that it has to operate its own court system, its own court includes entering orders with respect to the process here. Unless you could challenge the court's determination about how it was going to go through that process, this is somehow being complicit. What was the trial court's basis here? Remind me again. The trial court said, what is it? I mean, I'm trying to think. The trial court's reasoning was it that, hey, this order constitutes a writing? Or was it, I don't care about writing or not. You told me you were going to do something. I took action. I entered an order. And you can't steal that or change it. It was kind of a blend. But its focus was on the fact that the order represented a writing which made it irrevocable. The court also suggested that there weren't any reasons, or there wasn't anything that was taking place here that would warrant not proceeding into arbitration. But the argument, the principal argument, had to do with what's the nature of this order and what does it represent? And the trial court found that it represented an order to go to arbitration and that as such it was a writing and as such it was irrevocable because it constituted that writing which the statute looked at. Here, though, if this issue is, can a trial court enter an order which it could never have accomplished without the party's agreement and then enforce that in subsequent orders, absolutely it can do that because that's a condition that the court frequently engages in. I have a thought, counsel. I understand your suggestion. I'm going to have to ask opposing counsel. Your position is, well, look, everybody knew this was going to arbitration. If counsel was very diligent, counsel could have written in specific language which would have made it crystal clear that they retained the right to revoke this. This did not constitute a written agreement under the law. Okay? You suggested that. Sure. Were you the trial counsel? Did you draft this order? No. Okay. Why didn't plaintiff's counsel then have it? If the intent was so clear that this was going to subject the parties to binding arbitration and be the equivalent of a written agreement, why couldn't their language have been in order to make it clear that the parties now were bound by a written agreement to submit to arbitration? Why couldn't that have done and put the hat on the other end? Because I think the language does that. I think it's state. It's all pending binding arbitration of the parties, and the discussion up to the entry of the order is we've agreed that we're going to go off to binding arbitration, we've agreed that that's the process we're going to use here, and then the order says stay it pending your binding arbitration. The order is a statement concerning what the progress of the case is going to be in front of the parties. That language says you're going to binding arbitration. Do you have any case law that holds that a court acknowledgment in a court order of a party's agreement to go to arbitration is the functional equivalent of a written agreement under the law? No. So you're asking this to sort of break new ground, are you not? No. I think that the procedure that we're talking about here is one that courts enter into all the time. So this is not a case of first impression in Illinois. First impression. These facts are not present in any other case that we could cite. If that's the definition of first impression, then yes. Is it a case of first impression because of the circumstances? No. This is a common, ordinary, everyday experience that we have in front of courts where we make a record, put it on the record, reduce it to an order, and move forward. Thanks. Thank you, counsel. Ms. Joseph. Ms. Joseph, in response to his question, he seems to be saying that, in his opinion, the order was clear. Why didn't the defendants' counsel, if you wish to exempt yourself from the effects of a written agreement, make such language in the order, that it was clear that this was not going to be the equivalent of a written agreement to submit to arbitration? Why couldn't that have been done? Your Honor, could it have been done? I believe it could have been done. Was it necessary? I don't believe so. The law is what the law is. The Supreme Court in the White Eagle case has ruled that if you have an oral agreement, that it's irrevocable at any point up to the entry of the final award. But did that case contemplate a written court order? I don't believe it did, Your Honor. Because I don't believe, as you indicated, that a written court order is tantamount to an agreement between the parties. So I don't think it was ever contemplated by either of the parties, either by the plaintiff or the defendant, to put into the issue, into the order, that this makes it a written agreement. And the reason was because when the parties entered into this agreement, both did so in good faith, and they intended to enter into an alternative dispute resolution and go to binding arbitration as a way to resolve a relatively simple automobile accident. What you seem to be saying is a court order that memorializes an oral agreement, an oral agreement to go to arbitration, cannot transmute into a written agreement for binding arbitration. That's what I'm saying, Your Honor. Yes, that's exactly what I'm saying. Suppose the parties came into court and agreed to expedite the matter, expedite discovery, for example. The standard rules, the Supreme Court rules, allow X number of days to respond to interrogatories. The parties stood before the court and said, we've agreed to cut all those dates in half, and we've agreed that discovery will be shorter than provided in the Supreme Court rules. The trial judge said, okay, enter into that effect. Could one of the parties unilaterally come back later and say, we've revoked that agreement? Yeah. No, I think that's, I don't think that a court would allow that, but I think that that is procedurally different from this matter. In fact, that is setting forth specific agreements regarding discovery and when things are to be completed. And both parties relied on that, and both parties moved forward in that idea that they were going to put discovery in half the time. When they were unable to, when was I unable to do so, and said, I don't want to do this anymore. I would believe the court would be pretty unhappy with them that that's what happened. We have a little bit of a different situation here. The parties looked at this very early on within one month of the suit being filed and said, let's try to take this thing to binding arbitration to avoid cost of both parties. And there was one of the parties, the council, and we're seeing Wisconsin and the other one in Chicago, Illinois, traveling out to Jodi and his county every two months and attending court sessions. But they have good reasons to travel to Illinois and do it. So in the meantime, they've moved on. We moved on with discovery. We sent out discovery. The only delay in this matter was the ten-month delay in getting back the plaintiff's written discovery. When we got that written discovery back in, within two or three weeks, the man had been much more seriously injured in the second automobile accident. Counsel, you're going into what, using my example, would be a good reason for, I gave the example of discovery. If the parties entered into an agreement, which they gave the trial judge, my suggestion to you was could they just go back and say, look, we're not going to look for him. If they offered reasons, you're giving reasons now. But why, it's not a good idea in Illinois to go for arbitration. But I didn't understand that to be your basis today. Your basis isn't that you have a good reason to avoid arbitration. Your basis is that you have an absolute right because it's not written. Well, I think it's twofold, Your Honor. I agree. If you — Getting back, excuse me, to my example, if a party came back to the trial judge and said, look, I know we said we'd get discovery done in half the time, but here's what happened and we can't do that, then it would be a matter of the trial judge's discretion whether to do it or not. But I don't think a party could come back to the trial judge and say, it doesn't matter what my reason is, I'm not going to live up to this. I think you're absolutely correct in your example, Your Honor. Then how is this different? I think that this case is different because of the White Eagle Laundry case. Because of what? In the White Eagle Laundry case, where the Supreme Court looked at this issue on whether parties who decided that they were going to attend binding arbitration based on an oral agreement had the right to revoke that agreement. And in that case, the Supreme Court found that there was the right to revoke that agreement. I don't think he doesn't disagree with that at all. I mean, you're addressing the point that the counsel over there has no disagreement with it. That's what that case holds. But the situation here is grounded now on representations to the trial court. The trial court enters an order without some good excuse. I don't think a person should be able to just say, I'm not going to go along with this. Right. I mean, he doesn't dispute it. Yeah. Would you? Yeah. Just tell me, why is this case different than the example I gave of the discovery or any other things that parties might agree to deviate from the standard procedures? Your Honor, I think the case is different because the case law backing the determination to withdraw from the alternative dispute resolution as set forth by the Supreme Court. I also believe that the other aspect of it is, if we're looking at it both, do you have a right? And is there a good excuse? In this case, there's both. There's the right under the YUD to a laundry case. And there's a good excuse that no one is prejudiced. Discovery has proceeded. We've taken depositions of doctors. We've taken depositions of parties. This thing is ready to go back and be in the same position it was in front of the trial court, whether this agreement to arbitrate was there or not. I think in the case example you gave, you would be putting the parties in a different position as far as moving the case forward by one party not complying with the agreement. Are there any characteristics of a written agreement as used in the section, the appropriate section of the Arbitration Act, that would differentiate the term there from what we have here in the court order? I believe the court order is a procedural document which merely is a recitation of what happened in court. I think that we look at the Harris v. Johnson case for essential elements of a valid contract, including competent parties, valid subject matter, legal consideration, mutuality of obligation and mutuality of agreement. And my specific point to that is there is no mutuality of agreement as to entering into a written agreement to attend binding arbitration in this case. At all times, it's my understanding both parties understood this to be a written agreement, I'm sorry, an oral agreement. And certainly at no time did the defendant ever change their position on that and they've always believed that this has been an oral agreement. And so therefore, there can be no valid mutuality of agreement, which would be an essential element of a valid contract. Thank you very much, counsel. At this time, the court stands adjourned. We'll take the matter under advisement and render a decision.